UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X
KEITH POOLER,

       Plaintiff,

       – against –

HEMPSTEAD POLICE DEPT, et al.,

       Defendants.
---------------------------------X
KEITH POOLER,

       Plaintiff,

       – against –

KATHLEEN RICE, et al.,

       Defendants.
---------------------------------X

ORDER
10-CV-482 (JFB)(ARL)

ORDER
10-CV-1497 (JFB)(ARL)

JOSEPH F. BIANCO, District Judge:

Plaintiff filed the complaint in case 10-CV-1497 on March 22, 2010 in the Southern District of New York. Plaintiff also requested to proceed *in forma pauperis*. The case was transferred to this district on April 5, 2010 and reassigned to the undersigned three days later.

Plaintiff's request to proceed *in forma pauperis* is granted. For the reasons discussed below, the Clerk of Court is hereby ordered to consolidate this action with another action commenced by plaintiff under the docket number 10-cv-482 (JFB)(ARL), which arises from the same factual nexus.

Under Federal Rule of Civil Procedure 42, "[i]f actions before the court involve a common question of law or fact, the court may: (1) join for hearing or trial any or all matters at issue in the actions; (2) consolidate the actions; or (3) issue any other orders to avoid unnecessary cost or delay." Fed. R. Civ. P. 42(a). "The trial court has broad discretion to determine whether consolidation is

appropriate." *Johnson v. Celotex Corp.*, 899 F.2d 1281, 1284-85 (2d Cir. 1990).

Consolidation is appropriate in order to serve the interests of judicial economy. *See, e.g., Jacobs v. Castillo*, No. 09 Civ. 953 (CM), 2009 WL 1203942, at *3 (S.D.N.Y. Apr. 23, 2009) ("Consolidation would further the goal of 'judicial economy' because discovery in each case is likely to be identical, motion practice and trial in the two cases would most likely cover the same facts and some identical issues of law."). Specifically, consolidation of cases with common questions of law or fact is favored "to avoid unnecessary costs or delay," *Johnson*, 899 F.2d at 1284, and to "expedite trial and eliminate unnecessary repetition and confusion." *Devlin v. Trans. Comm'cns Int'l Union*, 175 F.3d 121, 130 (2d Cir. 1999) (internal citations omitted). Cases may be consolidated even where, as here, certain defendants are named in only one of the complaints. *See Pirelli Armstrong Tire Corp. Retiree Med. Benefits Trust v. LaBranche & Co., Inc.*, 229 F.R.D. 395, 402 (S.D.N.Y. 2004). The paramount concern, however, is whether savings of expense and gains of efficiency can be accomplished without sacrifice of justice. *Johnson*, 899 F.2d at 1285 ("Considerations of convenience and economy must yield to a paramount concern for a fair and impartial trial.").

"The Second Circuit has long adhered to the first-filed doctrine in deciding which case to dismiss where there are competing litigations. Where there are several competing lawsuits, the first suit should have priority, absent the showing of balance of convenience or special circumstances giving priority to the second." *Kellen Co. v. Calphalon Corp.*, 54 F. Supp.2d 218, 221 (S.D.N.Y. 1999) (internal quotation marks, alterations, and citations omitted); *accord Adam v. Jacobs*, 950 F.2d 89, 92 (2d Cir. 1991); *First City Nat'l Bank & Trust Co. v. Simmons*, 878 F.2d 76, 79 (2d Cir. 1989).

The first-filed rule seeks to conserve judicial resources and avoid duplicative litigation. *See Adam*, 950 F.2d at 92; *First City Nat'l Bank & Trust Co.*, 878 F.2d at 80; *Kellen*, 54 F. Supp. 2d at 221.

Here, plaintiff has brought two actions relating to his arrest by the Hempstead Police and his subsequent prosecution. Accordingly,

IT IS HEREBY ORDERED that the Clerk of Court consolidate the two above-captioned cases under the first case filed, docket number 10-cv-482; and

IT IS FURTHER ORDERED that the Clerk of Court shall close the case with docket number 10-cv-1497 (JFB)(ARL) and direct any further filings in that case to 10-cv-482.

SO ORDERED.

JOSEPH F. BIANCO
UNITED STATES DISTRICT JUDGE

Dated: April 28, 2010
Central Islip, New York